ORIGINAL

FILED

05/21/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0285

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0285

FILED

MAY 21 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

MELFORD PEPION, JR.,

Petitioner,

v.

BOB OLSON, Program Administrator,
CCCS, Inc., S.T.A.R.T. Program,

Respondent.

ORDER

---

Representing himself, Melford Pepion, Jr. has filed a Petition for Writ of Habeas Corpus, indicating that he is due "good time and street time credit that [he] never got on [his] sentence." As he explains in his Petition, Pepion seeks time served while on a suspended sentence of five years, dating back to May 23, 2018. He adds that the Glacier County District Court revoked his sentence for felony theft on October 6, 2021, and that his five-year term has been turned to a ten-year term, which is "wrong." Pepion states that he and his co-defendant have paid half of the restitution owed and that his "debt to society" has been paid with serving more than three years incarcerated. Pepion is currently placed in the S.T.A.R.T. program.

This Court secured copies of Pepion's sentencing judgments. On May 9, 2018, the Glacier County District Court imposed a deferred five-year sentence after accepting Pepion's plea of guilty. The District Court stated that the deferred sentence was subject to terms and conditions of probation. The court listed that Pepion was not due any credit for jail time served and must pay $8,990.69 in restitution, for which he was jointly and severally liable. On October 6, 2021, having revoked Pepion's deferred sentence on the State's second revocation petition, the District Court held a disposition hearing. The court imposed a five-year sentence to the Department of Corrections, "with a recommendation

for [Pepion] to be screened for an appropriate treatment facility." The court ordered that Pepion will "not receive any credit for any street time prior to sentencing." The court awarded 70 days of credit for time spent in jail since his July 29, 2021 arrest.

We point out that Pepion originally received a deferred, not a suspended, sentence. Pursuant to § 46-18-203(7)(a)(iv), MCA (2021), "if the sentence was deferred," the court may "impose any sentence that might have originally been imposed." For felony theft of property exceeding $5,000 in value, a court may impose a ten-year prison term. Section 45-6-301(7)(b)(ii), MCA (2017). In imposing the sentence upon revocation, the District Court considered the Probation and Parole Officer's testimony concerning the violations of Pepion's deferred sentence as well as his poor adjustment to community supervision. The District Court decided, upon the testimony and documents, that Pepion was not due any credit while on his deferred imposition of sentence from 2018 to 2021. Section 46-18-203(8)(c), MCA.

We conclude that Pepion is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. The court did not impose an unlawful sentence by denying street time credit, as explained above, and Pepion is not entitled to good time credit because that credit applies only to sentences imposed before 1995. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13 (repeal eff. Oct. 1, 1997)). Finally, Pepion cannot challenge his sentence upon revocation through a writ of habeas corpus. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Pepion's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Melford Pepion, Jr. personally.

DATED this ⌒ day of May, 2024.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3